IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | *  Criminal No. CCB-16-267 |
| | * |
| JACOB BOWLING | * |
| | ********** |

## MEMORANDUM

Jacob Bowling is a thirty-five-year-old federal prisoner who is serving a 144-month sentence for racketeering conspiracy to distribute heroin and cocaine. (ECF 935, Judgment). Now pending is Bowling's motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) (the "compassionate release" statute), based on his particular vulnerability to COVID-19. (ECF 1605, 1625). The government opposes the motion, (ECF 1644), and Bowling has replied (ECF 1646).[1] For the reasons explained below, the motion will be denied.

## BACKGROUND

Over the spring and summer of 2016, Bowling participated in various acts in furtherance of a racketeering conspiracy by the Murdaland Mafia Piru, a violent subset of the Bloods gang in Maryland. (ECF 865, Plea Agreement, at 11). Among other overt acts, Bowling distributed a substantial quantity of cocaine base to a confidential informant four times and was recorded via wiretap discussing drug business and a firearm with his co-defendants. (*Id.*). On September 27, 2016 law enforcement officers executed a search warrant at Bowling's Baltimore residence, recovering a pistol magazine, drug paraphernalia, and photographs of Bowling with other Murdaland Mafia Piru members. (*Id.*). Bowling admitted to conspiring with other gang members

---

[1] Bowling also filed supplemental correspondence, (ECFs 1629, 1630), providing documentation of his disciplinary history, medical records, and proof of exhaustion of his administrative remedies.

1

to distribute heroin and cocaine base in furtherance of the gang's activities, and that it was reasonably foreseeable to him that between one and three kilograms of heroin and between 280 and 840 grams of cocaine base would be distributed by members of the conspiracy. (*Id.*).

Bowling pled guilty to one count of racketeering conspiracy, in violation of 18 U.S.C. § 1962(d), and to one count of drug trafficking conspiracy, in violation of 21 U.S.C. § 846. (*Id.* at 2). He was sentenced to 144 months' imprisonment, followed by a five-year term of supervised release. (ECF 935 at 2-3).

In December 2018, Congress enacted the First Step Act. *See* Pub. L. No. 115-391, 132 Stat. 5194. As part of the Act, Congress amended 18 U.S.C. § 3582(c), which empowers courts to reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." *See* 18 U.S.C. § 3582(c)(1)(A)(i); Pub. L. 115-391, Title VI, § 603(b), Dec. 21, 2018, 132 Stat. 5239. Before the First Step Act, a court could review a prisoner's sentence pursuant to § 3582(c)(1)(A) only "upon motion of the Director of the Bureau of Prisons" ("BOP"). *Id.* But under the amended statute, a court may conduct such a review also "upon motion of the defendant," if the defendant has exhausted all administrative remedies to appeal the BOP's failure to bring a motion, or if 30 days has lapsed "from the receipt of such a request by the warden of the defendant's facility," whichever is earlier. *Id.* The court may authorize compassionate release if, after considering the factors set forth in 18 U.S.C. § 3553(a), the court finds that "extraordinary and compelling reasons" warrant it. *See* 18 U.S.C. § 3582(c)(1)(A)(i).

Bowling requests compassionate release on the basis that his underlying health conditions of obesity and hypertension place him at greater risk of serious illness related to COVID-19. The government does not contest that Bowling's motion is properly before the court, but does claim that his refusal of the COVID-19 vaccine means that he cannot demonstrate "extraordinary and

compelling" reasons for release and that the § 3553(a) factors weigh against a sentence reduction. (ECF 1644 at 1, 8-9).

## DISCUSSION

Under 28 U.S.C. § 994(t) the United States Sentencing Commission has the responsibility to define "what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A). The most recent Sentencing Commission policy statement defining "extraordinary and compelling reasons" for sentence reduction, Guideline § 1B1.13, predates the First Step Act and, as the Fourth Circuit recently held, is not a policy statement that applies to motions for compassionate release brought by defendants, because its plain text "constrains the entire policy statement to motions filed solely by the BOP, . . . and not by defendants themselves." *United States v. McCoy*, 981 F.3d 271, 281–82 (4th Cir. 2020) (internal quotation marks and citation omitted). In the absence of an "applicable policy statement[] issued by the Sentencing Commission" concerning what may be an "extraordinary and compelling reason" for compassionate release when a defendant brings a motion under § 3582(c)(1)(A), "district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *Id.* at 284 (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)).

Bowling argues that his risk of developing serious illness related to COVID-19 due to his underlying medical conditions (obesity, hypertension, and asthma) constitutes an "extraordinary and compelling" reason to reduce his sentence. (ECF 1625 at 6, ECF 1629, Medical Doc, at 5).[2] The Centers for Disease Control ("CDC") has issued guidance on underlying conditions that

---

[2] Bowling provides no documentation of an asthma diagnosis, but does document a BMI of 38 and primary hypertension. (ECF 1629 at 5).

3

increase an individual's risk of severe illness related to COVID-19. *See Underlying Medical Conditions Associated with High Risk for Severe COVID-19: Information for Healthcare Providers*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-care/underlyingconditions.html (updated Oct. 14, 2021). The CDC distinguishes between those conditions that are "supported by meta-analysis/systematic review" (e.g., cancer), those "supported by mostly observational. . . studies" (e.g., Down syndrome), and those supported only by "mixed evidence" (e.g., asthma). *Id.* Obesity is in this first group, while asthma and hypertension are supported only by mixed evidence or observational studies.

The government concedes that Bowling's obesity and hypertension, taken together, may pose an increased risk of contracting severe illness related to COVID-19. Nonetheless, the government argues that Bowling's conditions do not constitute "extraordinary and compelling reasons" for compassionate release, considering that he already has recovered from COVID-19 and that he refused the Moderna vaccine when it was offered by the Bureau of Prisons. (ECF 1644-2, Record of Vaccine Refusal). Being vaccinated, of course, does not guarantee immunity. The court agrees, however, that a refusal to be vaccinated, in the absence of a documented medical reason, undercuts a claim of extraordinary and compelling reasons for compassionate release.

Though the court may properly end its analysis here, the 3553(a) factors also weigh against defendant's release. The compassionate release statute provides that, before reducing a defendant's sentence for "extraordinary and compelling reasons," the court must consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent they are applicable." See 18 U.S.C. § 3582(c)(1)(A). Here, the § 3553(a) factors weigh against granting relief based on Bowling's history and characteristics and the court's conclusion that Bowling remains a danger to the community. See § 3553(a)(1), (2)(B-C). Bowling was convicted of serious felonies and admitted to membership in a gang

4

organization, the Murdaland Mafia Piru, which routinely engaged in violent activities. (ECF 865 at 11). The record also indicates that Bowling had an extensive criminal history prior to the racketeering and drug trafficking convictions for which he is currently incarcerated. These offenses include convictions for various handgun violations, the manufacture and distribution of controlled substances, assault, and possession of cocaine with intent to distribute. (ECF 933, PSR, at ¶¶ 36-47). With approximately half of Bowling's sentence served, the purposes of deterrence and protection of the community are not yet satisfied. Accordingly, while the court appreciates that Bowling has a good institutional record, he is not an appropriate candidate for compassionate release.

## CONCLUSION

For the reasons explained above, Bowling's motion for compassionate release will be denied. The associated motions to seal will be granted to protect the confidentiality of personal medical information. A separate Order follows.

12/8/21
Date

_____
Catherine C. Blake
United States District Judge